UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-02064-WTL-DKL |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Robert White for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 15-07-108. For the reasons explained in this Entry, White's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On July 29, 2015, Internal Affairs Officer John Poer wrote a Report of Conduct in case ISR 15-07-0108, charging White with offenses A-111 and 113, conspiracy/attempting/aiding or abetting trafficking. The conduct report referred to a report of investigation, or incident report, dated July 29, 2015 and to confidential case file 15-CIC-0020. The report of investigation states:

> On July 16, 2015 members of the Security Threat Groups Maniac Latin Disciples and Imperial Gangsters assaulted two members of the Security Threat Group Dirty White Boys in B Unit. On July 26, 2015, multiple members of the Security Threat Groups Maniac Latin Disciples and Imperial Gangers assaulted a member of the Security Threat Group Dirty White Boys in E unit. The Correctional Industrial Facility was placed on lockdown and an investigation was conducted. The investigation determined that the assaults were over a stolen package of suboxone strips. Further investigation substantiates that offender Robert White attempted to engage in trafficking suboxone with his wife Michelle White.

On July 31, 2015, White was notified of the charge of offenses 111 and 113 and served with a copy of the conduct report and incident report and a copy of the Notice of Disciplinary Hearing "Screening Report". White was notified of his rights and pleaded not guilty. White did not request any witnesses but did request that the hearing officer review confidential case file 15-CIC-0020.

On August 6, 2015, a disciplinary hearing was held in case ISR 15-07-0108. White pleaded not guilty and provided the following statement: "Never had my wife do anything with drugs; say anything about drugs. I did say I lost half of my numbers. I've never had any drugs. No money." [dkt. 6-3]. The hearing officer found White guilty of offenses 111 and 113. He relied on the staff reports and confidential case file 15-CIC-0020 in making his determination. The following sanctions were imposed: written reprimand, 45 day phone restriction, 180 day disciplinary segregation, earned credit time deprivation of 180 days, and a demotion from credit class 1 to

credit class 2. The hearing officer based the sanctions due to the frequency and nature of the offense and the likely corrective effect of sanctions.

White's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C.  Analysis**

White challenges the disciplinary action against him arguing: (1) the evidence was insufficient to support a guilty finding; and (2) he was denied witnesses.

White challenges the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Mofft v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.; see also Webb,* 224 F.3d at 652 (even "meager" proof is sufficient).

Here, the conduct report refers to the report of investigation and confidential case file 15-CIC-0020. In addition to the statement in the report of investigation, the confidential case shows that White was in possession of a package of approximately 100 suboxone strips. White lost the strips. After losing them, he spoke to his wife on the telephone in a recorded conversation and stated to her that he is having a bad day because he "lost half of them things" and must have dropped them. His wife responds that is alright because she will get him more. [dkt. 8]. White's wife also spoke to another offender in a recorded conversation. That offender told her about how the lost strips resulted in the assault of other offenders. [dkt. 8]. The offender White's wife spoke to is a known associate of White's. Based on this evidence, the hearing officer found White guilty

of conspiracy/attempting/aiding or abetting trafficking. This is sufficient to satisfy the "some evidence" standard. *Hill*, 472 U.S. at 454. He was in possession of approximately 100 suboxone strips which he lost. Soon after, White's wife offered to obtain more strips for him. There is some evidence that White and his wife conspired to engage in trafficking.

White argues that this evidence is all speculation and the guilty finding is not support by any evidence. However, this is simply an invitation to the Court to re-weigh the evidence—and that is an invitation the Court must **reject.** This is because, in reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson*, 188 F.3d at 786; *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989).

Next, White argues he was improperly denied evidence. However, to obtain review of a claim for habeas relief, a prisoner must first exhaust his state administrative remedies. *Markham v. Clark*, 978 F.2d 993, 995–96 (1992); *see* 28 U.S.C. § 2254(b)(1)(A), (c). Exhaustion requires that the prisoner present each claim he seeks to raise in his habeas petition at each level of the administrative appeals process. *Markham*, 978 F.2d at 995-96; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The prisoner must provide sufficient information to put a reasonable prison official on notice as to the nature of his claim, so that the prison officials are afforded an

opportunity to correct any problems. *See Moffat*, 288 F.3d at 982. Failure to exhaust a claim results in a procedural default that bars federal habeas relief. *Id.* at 981-82.

In his disciplinary appeal, White only challenged the sufficiency of the evidence. He argued:

> I Robert White #205276 on being charged with trafficking for talking to my wife on the phone and I never say anything about drugs or does she. I have been drug tested and passed. I was never found with drugs or neither was my wife and I don't understand how that can be possible. I don't have any money or anything and neither does my wife.

[dkt. 6-4].

There is no indication in this statement that White is challenging any aspect of his disciplinary conviction other than the sufficiency of the evidence.

Because White did not challenge the denial of the confidential case file in his appeals, he has therefore procedurally defaulted this challenge. Because he has not shown or even argued that cause and prejudice exist to overcome the default, he is barred from arguing in this Court that he was improperly denied the confidential case file.

### III. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles White to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 9/22/16

*William T. Lawrence*
_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

ROBERT WHITE
205276
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only